UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELIZABETH WATSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 11 C 1927 |
| HISPANIC HOUSING DEVELOPMENT CORPORATION, | ) Judge Kennelly |
| Defendant/Third-Party Plaintiff | ) Formerly case No. 2010 L 006600, Circuit Court of Cook County, Illinois. |
| v. | ) |
| UNITED STATES POSTAL SERVICE, | ) |
| Third-Party Defendant. | ) |

**THIRD-PARTY DEFENDANT'S MOTION TO
DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

The United States of America, by its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, moves to dismiss the third-party complaint pursuant to Fed. R. Civ. P. 12(b)(1), and in support, states as follows:

1. On June 4, 2010, plaintiff Elizabeth Watson commenced this civil personal injury action in state court against defendant Hispanic Housing Development Corporation (HHDC). Plaintiff, a Postal Service employee, alleges that HHDC owned, managed, maintained, possessed ,and controlled specific property, and that as a result of defendant's negligence plaintiff slipped and fell on an unnatural accumulation of snow and ice on said property, thereby sustaining injuries.

2. Defendant HHDC then filed a third-party complaint for contribution against the United States Postal Service, alleging that the Postal Service had negligently failed to train its employee on safe practices when delivering mail in inclement weather.

3.  On March 21, 2011, the case was removed to the United States District Court for the Northern District of Illinois.

4.  This case should be dismissed for lack of subject matter jurisdiction first because HHDC improperly sued a government agency in its third-party complaint. Under the Federal Tort Claims Act ("FTCA"), the *United States* is the only proper defendant in tort cases, not its employees or agencies, such as the United States Post Office. 28 U.S.C. §§ 1346 (b)(1), 2679(a), *see, e.g., Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982) ("Under the Federal Tort Claims Act, a governmental agency cannot be sued in its own name; the action must be brought against the United States."); *Ward v. Jessie Brown V.A. Hosp.*, No. 05 C 3633, 2005 WL 3312601, *4 (N.D. Ill. Dec. 5, 2005) (copy attached); *Carter v. Social Sec. Field Office*, No. 02 C 5526, 2004 WL 609316, *4 (N.D. Ill. March 22, 2004) (". . . Plaintiff could not bring a claim under the FTCA against the SSA because the FTCA only waives sovereign immunity for claims against the United States, not its agencies.") (copy attached). HHDC improperly sued the United States Post Office, rather than the United States, as a defendant in this action. The limited waiver of sovereign immunity in the FTCA does not provide the district court with subject matter jurisdiction over a claim against a governmental agency.

5.  Furthermore, even if HHDC properly named the United States as the third-party defendant rather than the Postal Service in its *state* court complaint, the case would be subject to dismissal because state courts have no jurisdiction over tort claims against the United States. The limited waiver of sovereign immunity granted by the Federal Tort Claims Act grants "exclusive" jurisdiction over such claims to the United States district courts. 28 U.S.C. § 1346(b).

6.      Under the "derivative jurisdiction doctrine," the fact that this case has been removed to federal court does not cure the jurisdictional defect occasioned by filing in state court. Rather, "if the state court where an action was initially commenced lacked subject matter jurisdiction over the action, a federal court acquires none upon removal." *McCarter v. John Hancock Center, et al.*, No. 02 C 6121, 2002 WL 31875470, at *2 (N.D. Ill. Dec. 26, 2002) (citing *Minnesota v. United States*, 305 U.S. 382, 389 (1939) ("Where the state court lacks jurisdiction of the subject matter or the parties, the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction.")) (copy attached). Thus, a federal court's jurisdiction upon removal under 28 U.S.C. § 1442[1] is derivative of the jurisdiction of the state court. *Edwards v. United States Dept. of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) (citing *Arizona v. Manypenny*, 451 U.S. 232, 242 n. 17 (1981)); *Dunne v. Hunt*, 06 C 170, 2006 WL 1371445, *4 (N.D. Ill. May 16, 2006) (". . . because our jurisdiction under § 1442(a) is derivative of the state' court's jurisdiction, and the state court here had no jurisdiction, we likewise have no jurisdiction . . . .") (internal citations omitted) (copy attached); *McCarter*, 2002 WL 31875470, at *2 (N.D. Ill. Dec. 26, 2002) (concluding that "the doctrine of derivative jurisdiction is alive and well in the Seventh Circuit" for removals effectuated under § 1442).

---

[1] This case was removed under § 1442, which is applicable to suits against the United States. The derivative jurisdiction doctrine is no longer applicable to private-party suits removed under 28 U.S.C. § 1441 by virtue of § 1441(f) ("The court is which a civil action is removed *under this section* is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim.") (emphasis added). Nor is derivative jurisdiction an issue in state tort cases against federal employees, because those cases, once removed, may proceed as if they were in federal court under the applicable jurisdictional grant of 28 U.S.C. § 2679(c)(4).

3

7.  Here, the Circuit Court of Cook County unquestionably lacked jurisdiction over HHDC's third-party complaint for contribution against the United States Postal Service, because the Federal Tort Claims Act ("FTCA") grants "exclusive jurisdiction" over such claims to the United States district courts. 28 U.S.C. § 1346(b). Because the state court lacked subject matter jurisdiction over these claims, this district court now derivatively lacks subject matter jurisdiction, thereby necessitating dismissal pursuant to Rule 12(b)(1).[2]

WHEREFORE, this case should be dismissed as to the United States for lack of subject matter jurisdiction. Once dismissed, the remainder of the case should be remanded to state court.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: s/ Amanda A. Berndt
AMANDA A. BERNDT
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-1413
amanda.berndt@usdoj.gov

---

[2] HHDC's claim for contribution against the United States is arguably not ripe under federal law. *Colson Caster Corp. v. United States of America*, No 03 C 4754, 2004 WL 1166601, at *2 (N.D. Ill. May 24, 2004) citing *McCall ex rel. Estate of Bess v. United States*, 310 F.3d 984, 987 (7th Cir. 2002).

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following document:

**UNITED STATES' MOTION FOR LACK OF SUBJECT MATTER JURISDICTION**

**NOTICE OF MOTION**

was served on March 24, 2011, in accordance with FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers, if any, and was mailed to:

| | |
|---|---|
| Theodore E. Bacoyanis | Yao O. Dinizulu |
| Attorney, Chicago Housing Authority | Dinizulu Law Group, Ltd. |
| 60 East Van Buren Street, #1200 | 221 North LaSalle Street, Suite 1100 |
| Chicago, Illinois 60605 | Chicago, Illinois 60601 |

                                                                             s/ Amanda A. Berndt
AMANDA A. BERNDT
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-1413
amanda.berndt@usdoj.gov